Miles G. Saunders, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 55188. Promulgated June 27, 1932.

Roger Underwood, Esq., and Turner S. Underwood, C. P. A., for the petitioner.

P. A. Bayer, Esq., for the respondent.

OPINION.

Lansdon: The respondent asserts a deficiency in income tax for the year 1928 in the amount of $932.64. The petitioner contends that the respondent has improperly disallowed total deductions from his income for the taxable year in the amount of $8,435 representing debts ascertained to be worthless and charged off in that year. The record discloses, however, that this amount has not been disallowed as to such year and that it was claimed and allowed as a deduction in the year 1927. The deficiency determined by the respondent results from the disallowance of an alleged net loss in 1927 in the amount of $6,432.77 as a deduction from petitioner's taxable income in 1928. It is obvious, therefore, that the respondent has not erred as alleged by the petitioner. This discrepancy, however, is not material, since it is the amount of the deficiency that is in controversy and that must be proved to be erroneous.

The petitioner is an individual with his office in Pueblo, Colorado, where he is engaged in the practice of law. The record shows that prior to June 1, 1926, he advanced $4,435 and $4,000 to the Twin Lakes Land and Water Company, hereinafter called the company, and the Twin Lakes Investment Company, respectively, and that on such date the latter ceased operations and that its obligations were assumed by the former, which thereafter was indebted to him in the amount of $8,435. On April 12, 1926, he agreed with the company that he would accept its bonds in the par value of $4,000 in discharge of its obligations to pay him that amount on account of his advances to the Twin Lakes Investment Company. This agreement was never accomplished and in December, 1927, the company defaulted in the bond interest and the trustee for the bondholders began receivership proceedings in the District Court of Pueblo County.

On April 1, 1926, a statement of the company showed assets of the book value of $1,892,073.38 and an asset balance in the amount

of $294,133.73. At that date there were substantial liabilities of the company that were not included in the statement. On December 31, 1927, on or about the date of the institution of the receivership proceedings, the trial balance of the company showed assets of the book value of $1,559,134.24, liabilities in the amount of $1,528,545.91, and net worth as per books of $30,588.33. In such trial balance capital stock was not included as a liability.

In his income-tax return for 1927 the petitioner claimed and was allowed a deduction on account of bad debts in the amount of $8,435 representing his advances set out above. He now contends that such claim was made in error and that at December 31, 1927, it was impossible to determine that the debts were worthless. He also contends that the deduction of the amount in question from his income in 1927 was not beneficial to him, since he had no taxable income in that year. In our opinion the evidence is not sufficient to prove the petitioner's allegations. At December 31, 1927, the asset balance of the company, as reflected by its books, was only $30,588.33, with receivership proceedings already in progress. This is a very small margin in a statement of assets of the book value of $1,559,134. Bankruptcy proceedings under a receiver are generally quite expensive. Liabilities are seldom less than shown on the books and the listed value of assets is rarely realized through the processes of liquidation. In all the circumstances we are of the opinion that the debts now claimed to have become uncollectible in 1928 were worthless at December 31, 1927, and that respondent did not err in allowing a deduction of the amount thereof from petitioner's income in that year. Inasmuch as there is a difference between the deficiency asserted and the amount alleged to be in controversy, final decision will be rendered under Rule 50.

*Decision will be entered under Rule 50.*